UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| HOLLY DAGDAG, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:16-CV-364-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Holly Dagdag has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing,[1] and Dagdag's § 2255 motion will be denied.

**I.     BACKGROUND FACTS AND PROCEDURAL HERTORY**

Dagdag pleaded guilty and was convicted of conspiring to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) [Doc. 39 in No. 3:13-CR-171]. As part of her guilty plea, Dagdag waived her rights to appeal and file any motions pursuant to 28

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

U.S.C. § 2255, with the exception of claims of ineffective assistance of counsel and prosecutorial misconduct [Doc. 18 ¶ 10(b) in No. 3:13-CR-171]. Based on the drug quantity Dagdag stipulated to when pleading guilty, a two-level firearms enhancement, and a three-level reduction for acceptance of responsibility, Dagdag's total offense level was 19 [Doc. 26 ¶¶ 17, 23-24, 30-32 in No. 3:13-CR-171]. Her prior convictions yielded 10 criminal history points, a criminal history category of V, and a corresponding United States Sentencing Guidelines ("Guidelines") range of 57 to 71 months' imprisonment [*Id.* at ¶¶ 47, 65]. Dagdag was sentenced to 57 months' imprisonment [Doc. 39 in No. 3:13-CR-171]. Dagdag did not appeal. The Court thereafter reduced Dagdag's sentence to 46 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782 [Doc. 43 in No. 3:13-CR-171].

In June of 2016, Dagdag filed the instant § 2255 motion for a lesser sentence in light of the holding of *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) [Doc. 1]. The United States responded to the motion on July 25, 2016 [Doc. 2]. This matter is ripe for review.[2]

---

[2] Dagdag was released from incarceration after she filed her § 2255 motion. However, her supervision was revoked in May of 2018, and she was resentenced to 7 months' imprisonment followed by 24 months' supervised release [Docs. 54 & 55 in No. 3:13-CR-171]. According to information on the website of the Federal Bureau of Prisons, Dagdag was released from incarceration on December 11, 2018. *See* https://www.bop.gov/inmateloc/ (search by "Find by Name") (last visited May 2, 2019). Because Dagdag is currently serving a term of supervised release, the Court assumes that she is "in custody" for purpose of the instant motion. *See, e.g., United States v. Zack*, 173 F.3d 431, 1999 WL 96996 at *1 (6th Cir. February 1, 1999).

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted her appeal rights, a court may presume that "[s]he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Waiver

In her plea agreement, Dagdag expressly "waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" with the exception of "claims of ineffective assistance of counsel or prosecutorial misconduct" [Doc. 18 ¶ 10(b) in No. 3:13-CR-171]. A knowing and voluntary waiver of § 2255 claims is enforceable. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). There is no dispute that Dagdag entered into a knowing and voluntary plea agreement. Therefore, because Dagdag's claims are not for ineffective assistance of counsel or prosecutorial misconduct, they are barred by her § 2255 waiver.

It is irrelevant that Dagdag entered into her waiver before *Johnson* was decided. After all, a "plea agreement allocates risk, and the possibility of a favorable change in the

law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Slusser v. United States*, 895 F.3d 437, 440 (6th Cir. 2018) (citation and quotation marks omitted). Accordingly, Dagdag has waived her right to challenge her sentence under the reasoning of *Johnson*.

**B.     Merits**

Neither would Dagdag be entitled to relief upon consideration of the merits of her motion. Dagdag's complaint is that she received criminal history points because of her prior convictions [Doc. 1 p. 4]. However, Dagdag received criminal history points because her prior convictions constituted "sentences of imprisonment" or "prior sentences" under § 4A1.1 of the Guidelines [*See* Doc. 26 ¶¶ 36, 39, 41-43, 45-46 in No. 3:13-CR-171]. Dagdag was not sentenced as an armed career criminal, nor as a career offender, nor was her sentenced enhanced due to a "crime of violence" under the Guidelines. Accordingly, the residual clause invalidated in *Johnson* has no relationship to the Guidelines provisions under which Dagdag received criminal history points for her prior convictions.

**IV.    CERTIFICATE OF APPEALABILITY**

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Dagdag must obtain a COA before she may appeal the denial of her § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their

merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Dagdag has failed to establish any basis upon which § 2255 relief could be granted, and her motion will be **DENIED**. A COA from the denial of her § 2255 motion will be **DENIED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous. Fed. R. App. 24. Therefore, Petitioner will be **DENIED** leave to proceed *in forma pauperis* on appeal. Fed. R. App. P. 24.

**An appropriate Order will enter.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE